UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DR. MARCO BITETTO,

                        Plaintiff,
      v.

MR. SUNDAR PICHAI,

                        Defendant.
_____

1:18-CV-1083
(MAD/CFH)

APPEARANCES:
Marco Bitetto
4 Fourth Avenue
Rensselaer, New York 12144
Plaintiff pro se

CHRISTIAN F. HUMMEL,
U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

Plaintiff pro se Dr. Marco Bitetto commenced this action with the filing of a complaint on September 10, 2018, and, in lieu of paying this Court's filing fee, submitted an application to proceed in forma pauperis ("IFP"). Dkt. No. 2. The undersigned concludes that plaintiff financially qualifies to proceed IFP. Id. Despite his IFP status in this case, plaintiff will be required to pay any fees or cost he may incur in this action, including any copying fees or witness fees.

### II. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a

plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting her to proceed with her action. As plaintiff is representing himself, the court must afford plaintiff special solicitude; thus, it is to consider her claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court

3

generally affords the plaintiff leave to amend the complaint. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### III. Plaintiff's Complaint

Plaintiff's complaint is five sentences long. Plaintiff provides that Google published his "ebooks" beginning six years ago, but recent has "put [his] account on pending review." Compl. at 1. Plaintiff contends that the "pending review" is because he is blind, which amounts to disability discrimination under the Americans with Disabilities Act ("ADA"). Plaintiff indicates he wishes to bring "this $500 Billion dollar law suit against Google." Id.

Plaintiff provides no further information in his complaint. Although the body of his complaint indicates that he wishes to sue Google, the only named defendant is Sundar Pichai, and plaintiff utterly fails to demonstrate this defendant's personal involvement in the alleged discrimination. Because plaintiff's complaint is so devoid of factual information from which the Court can assess the complaint, it fails to meet the pleading requirements of Rules 8 and 10. Plaintiff's bald claim that Google discriminated against him because he is blind – a claim similar to those made in several

4

of his actions commenced, and dismissed, before this Court – is conclusory and clearly insufficient to state a claim. Ruderman v. Police Dept. of the City of New York, 857 F. Supp. 326, 330 (S.D.N.Y.1994).

Ordinarily, a Court generally affords a pro se plaintiff the ability to amend on at least one occasion before dismissing the action. Here, however, the undersigned recommends that plaintiff's complaint be dismissed with prejudice and without opportunity to amend. Plaintiff has commenced several cases before this Court, many alleging that various defendants' actions amounted to disability discrimination on the basis of his blindness. However, in all of his complaints, plaintiff similarly provides a few sentences or paragraphs without any factual support for his claims. Nearly all of these cases have been dismissed as without merit or there is a recommendation pending for dismissal. See, e.g., Bitetto v. D'Angelo et al., 1:16-CV-1499 (GTS/CFH) (dismissed), 1:18-CV-921 (MAD/DJS); 1:17-CV-658 (LEK/DJS), Bitetto v. Romitty (dismissed); Bitetto v. Romitty; 1:18-CV-922 (DNH/CFH)(recommendation for dismissal pending); Bitetto v. Baxter, 1:18-CV-966 (GLS/TWD) (dismissed); Bitetto v. D'Agostino, 1:18-CV-968 (DNH/DJS) (recommendation for dismissal pending), Bitetto v. Saddaby, 1:18-CV-1050 (GLS/DJS) (dismissed); Bitetto v. Amazon, Inc., 1:18-CV1141 (GLS/DJS) (recommendation for dismissal pending); 1:18-CV-1178 (DNH/DJS), Bitetto v. Cook; 1:18-CV-1247 (GTS/CFH) (dismissed); 1:18-CV-969, (MAD/DJS), Bitetto v. Kahn (dismissed); 1:18-CV-886 (BKS/ATB), Bitetto v. Seong-jin (dismissed).

On October 24, 2018, Chief Judge Suddaby issued a prefiling injunction, enjoining him "from filing any pleadings or documents of any kind (including motions)

5

pro se in the U.S. District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee (Except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed).  In re Marco Bitetto, 1:18-pf-0006 (GTS), Dkt. No. 2.  Although the prefiling injunction does not apply to cases that plaintiff commenced prior to the issuance of the prefiling injunction, and plaintiff did commence this action prior to the issuance of the prefiling injunction, the undersigned finds that dismissal with prejudice is proper.  In re Marco Bitetto, 1:18-pf-0006 (GTS), Dkt. No. 2.  Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.2000) (citation and internal quotation marks omitted).  However, leave to amend may be denied where any amendment would be futile.  Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).  The undersigned is of the opinion that this case warrants dismissal without an opportunity to amend as it does not appear that plaintiff will cure the defect in an amended pleading.  As the Chief Judge recognized in his prefiling injunction, plaintiff's "litigation history is so without merit and violative of procedural rules as to be vexatious and harassing."  In re Marco Bitetto, 1:18-pf-0006 (GTS), Dkt. No. 2 at 4. In light of plaintiff's extensive recent litigation history of filing similar frivolous actions, many of which have been dismissed after identifying to plaintiff his utter failings to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, which were not cured by amended pleadings, this case would undoubtedly follow a

6

similar path. It is noted that "courts in this Circuit have been loathe to give a plaintiff another chance to pursue his patently meritless claims when his history of frivolous lawsuits makes it likely that he will continue to waste judicial resources and cause opposing parties needless additional expense by re-filing such actions." Bloom v. U.S. Gov't, No. 02CIV.2352, 2003 WL 22327163, at *8 (S.D.N.Y. Oct. 10, 2003) (citations omitted); see also In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984)(noting that a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities").[1]

Accordingly, based on the undersigned's evaluation of the complaint, the undersigned finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A and leave to amend be denied because the complaint is frivolous.

## IV. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's Complaint (dkt. no. 1) be **DISMISSED** with prejudice and without opportunity to amend, and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and

---

[1] This unpublished decision has been provided to plaintiff.

7

Order on plaintiff.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).[2]

Dated: November 9, 2018
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[2]  If you are proceeding pro se and are served with this Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).