UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DR. MARCO BITETTO,

                    **Plaintiff,**

vs.                                                 1:18-CV-1083
                                                            (MAD/CFH)

MR. SUNDAR PICHAI,

                    **Defendant.**

---

APPEARANCES:                                 OF COUNSEL:

MARCO BITETTO
4 Fourth Avenue
Rensselaer, New York 12144
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On September 10, 2018, *pro se* Plaintiff Marco Bitetto ("Plaintiff") commenced this action by filing a one-page complaint. *See* Dkt. No. 1 at 1. In its entirety, Plaintiff's complaint reads as follows:

> Google began to publish my ebooks about six years ago. However, quite recently they stopped publishing my ebooks and have put my account on pending review.
>
> I believe this is the case because I am blind and this forms a disability related discrimination case. Since, this is in violation of the Americans with Disabilities Act.
>
> Consequently, I am bringing this $500 Billion dollar law suit against Google.

*Id.*

In a November 9, 2018 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court dismiss Plaintiff's complaint for failing to set forth a short, plain

statement of the case. *See* Dkt. No. 5 at 4-5. Additionally, Magistrate Judge Hummel recommended that the Court deny leave to amend the complaint because it is frivolous. *See id.* at 7. Magistrate Judge Hummel also detailed Plaintiff's extensive history of filing vexatious and frivolous actions in the Northern District, a pattern of litigation that culminated in Chief Judge Suddaby's issuing a prefiling injunction against Plaintiff on October 24, 2018. *See id.* at 5-7. Although this injunction does not apply to cases commenced prior to its issuance, including the present matter, Magistrate Judge Hummel found that dismissing Plaintiff's complaint with prejudice is proper in light of Plaintiff's demonstrated failure to amend and cure his recent spate of frivolous actions. *See id.* at 6.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Hummel correctly determined that the Court should dismiss the complaint with prejudice. Plaintiff's five-sentence complaint indicates that he wishes to sue Google, but Plaintiff names Sundar Pichai as the sole defendant and fails to demonstrate that this defendant has any personal involvement in the alleged discrimination. *See* Dkt. No. 5 at 4. Furthermore, Plaintiff's bald assertion that Google discriminated against him because of his blindness is conclusory and clearly insufficient to state a claim, similar in substance to Plaintiff's other actions commenced in this Court. *See Ruderman v. Police Dept. of the City of New York*, 857 F. Supp. 326, 330 (S.D.N.Y. 1994). Lastly, Plaintiff's sole objection, a nine-sentence letter, merely recites the complaint's conclusory, frivolous arguments. *See* Dkt. No. 7 at 1. For the foregoing reasons, Magistrate Judge Hummel correctly determined that, despite Plaintiff's *pro se* status, the dismissal should be with prejudice.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 5) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint in this action is dismissed with prejudice; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 31, 2019
      Albany, New York

Mae A. D'Agostino
U.S. District Judge